*238 MEMORANDUM OF DECISION ON PLAINTIFF’S MOTION TO COMPEL
EAGAN, J.
INTRODUCTION
In her complaint against the Mohegan Tribal Gaming Authority (MTGA), the plaintiff seeks damages for personal injuries allegedly sustained while she was a patron at the Mohegan Sun Casino. As a part of the discovery process, the plaintiff served the defendant with standard interrogatory and production requests which included a request for a surveillance video. The defendant refused to produce the surveillance video, relying on Section 30A of the Mohegan Rules of Civil Procedure (MRCP). Subsequently, plaintiff filed a Motion to Compel Production of the DVD. The Motion to Compel is granted.
BACKGROUND
In her complaint, the plaintiff Anna Giordano, alleges that on April 4, 2010, while she was a patron of the Mohegan Sun Casino and walking through it, an employee of the defendant collided with her with such force as to knock her to the ground. The employee left the scene, leaving plaintiff lying on the floor with a fractured arm. At the time of the collision, the plaintiff was not on the gaming floor or gambling.
A surveillance coverage DVD depicting the incident exists, which plaintiff sought through standard interrogatory and discovery requests. There is no dispute that the identity of the person shown in the DVD bumping into the plaintiff, including whether he was, in fact, an employee of the MTGA, is critical. Nevertheless, the defendant refused to provide plaintiff with a copy of the DVD, stating instead it would be “filed with the Clerk of the Gaming Disputes Trial Court pursuant to Section 30A of the Mohegan Rules of Civil Procedure”. Defendant’s Response to Plaintiffs Discovery Request Number 7.
Plaintiffs counsel then filed a Motion to Compel Production of the DVD. During oral argument on the Motion, the defendant’s counsel did not claim the DVD was confidential. Instead, defendant’s position was simply that the voluntary production of the DVD would violate Rule 30A of the MRCP. After oral argument, this Court entered a temporary order that plaintiff and her counsel could view the DVD at the Office of the Clerk of the Gaming Disputes *239 Court, effective until the Court ruled on the Motion to Compel.
DISCUSSION
The MRCP were amended on December 30, 2009, to add Section 30A, entitled “Procedure for Compliance with Subpoena of Confidential Tribal or Other Material”. In its Brief, the defendant acknowledges that Rule 30A expressly refers only to subpoenaed materials, but then “assumes the applicability of Rule 30A to Requests for Production as set forth in Section 30 of the MRCP”. Defendant’s Brief Re Production of Video Evidence, p. 1. The defendant relies on Rule 30A ,(e) as the reason it transferred the DVD to the custody of the Clerk of the Gaming Disputes Trial Court.
The plaintiff counters that the defendant’s interpretation of Rule 30A both misinterprets the clear language of the rule and also conflicts with the MRCP rules relating to discovery, including Rules 28, 29 and 30. Plaintiffs Brief In Support Of Her Motion to Compel, p. 5.
The issue of whether Rule 30A applies only to subpoenaed materials or to both subpoenaed materials and to materials subject to standard discovery requests is an important one. However, even if the defendant were correct that Rule 30A applies to standard discovery requests, it is explicit throughout the three subparts of Rule 30A, that the Rule applies only to materials that the defendant has determined to be either confidential or whose public release would be contrary to the effective regulation of Gaming or the best interests of the Mohegan Tribe. Subpart (a) of Rule 30A expressly limits its applicability to where the keeper of the material sought determines it to be confidential or where public release would be contrary to effective regulation of Gaming or the best interests of the Tribe. Subpart (b) of Rule 30A allows the defendant to seek a protective order for the material to be delivered to the Clerk “to protect the confidentiality of Tribal materials”. Subpart (c), on which defendant relies here, provides that the party who has subpoenaed the material may challenge “that the materials are not confidential”.
Although relying on Rule 30A (e), at no time in the instant proceeding has the defendant ever asserted that the DVD’s coverage of plaintiff being bumped while walking through the Casino’s non-gaming area was confidential. Thus, even assuming arguendo that Rule 30A (c) applies to both subpoenaed material and standard discovery requests, it is not applicable where, as here, the defendant has declined to claim the DVD contains confidential information. Accordingly, plaintiffs Motion to Compel is granted.
The issue of whether MCPR 30A applies to standard discovery requests is left for decision in a case where all the criteria of the Rule have been met.
So ordered.