*395 MEMORANDUM OF DECISION ON MOHEGAN TRIBAL GAMING AUTHORITY’S MOTION FOR PROTECTIVE ORDER
EAGAN, J.
INTRODUCTION
The defendant Mohegan Tribal Gaming Authority (MTGA) has filed a Motion for Protective Order, dated December 19, 2011, seeking protection for all records, including surveillance videos, which have been, or may be, requested by the plaintiffs during the course of this litigation. The Motion is granted, in part, and denied, in part.
I. BACKGROUND
This case arises out of the death of Elizabeth Durante in a motor vehicle collision on 1-395 on March 7, 2009. The driver of the motor vehicle that caused the collision had been a patron of the Mohegan Sun Casino and had been drinking at a nightclub there.
The Court has already issued several decisions on a variety of motions filed by both the plaintiffs and the defendants. The MTGA’s pending Motion for Protective Order has been subject to negotiation between the parties and, as set forth below, certain areas of agreement have been reached.
II. DISCUSSION
The Protective Order sought by the MTGA would limit disclosure of all records, including surveillance videos, requested by plaintiffs in this litigation to the parties’ counsel and their agents, as well as experts and potential experts. The defendant claims that this very broad disclosure prohibition is necessary to protect its confidential and proprietary information. In other words, defendant asks this Court to impose a blanket protective order over every record the MTGA produces in this litigation on the grounds they all will contain either proprietary or confidential information.
This Court, however, is limited in its power to grant protective orders. Con- *396 neetieut Practice Book Section 13-5, provides that a motion for protective order can be granted only “for good cause shown”, and when “justice requires to protect a party from annoyance, embarrassment, oppressions, or undue burden or expense, including one or more of the following ... (7) that a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only to a designated way”.
At this juncture, the Court must emphasize that because “the protective order sought by the defendant would not deprive the plaintiffs counsel or any experts of access to these materials” is not controlling on whether such a protective order can be granted. A court has the power to enter a protective order only if the standards set forth in the Practice Book are met. For example, in Langerman v. John Morganti & Sons, LLC, CV03638185, 35 Conn. L. Rptr. 492, 2003 WL 22234615 (Conn.Super. September 18, 2003, Beilis, J.), the parties filed a joint “Confidentiality Stipulation and Motion for Protective Order”, with respect to documents to be kept confidential pursuant to Practice Book Section 13-5(7). The court denied the motion because there was no allowance for a finding of good cause as required by the Practice Book. Similarly, in Shafer v. Associated Plan Administrator’s Inc., FSTCV0750038485 2009 WL 3366321 (Conn.Super.Ct., Sept. 16, 2009, Brazzel-Massaro, J), the parties presented to the Court a proposed protective order. In the preface to the proposed protective order, the order stated it was “ ‘intended to expedite the conduct of discovery ... ’ ” Id. at *2. The court rejected the proposed protective order finding that: “This intent, while laudable, does not satisfy the Practice Book requirement of ‘good cause’ to allow the issuance of a protective order.” Id.
Pursuant to the Practice Book mandate, the parties agreed, at oral argument, and this Court, concurs, that all of the defendant’s records containing financial information qualify as confidential and should be subject to a protective order. (April 12, 2012, Transcript, p. 31) Counsel also agree that some of the documents involved here are in the public domain and, therefore, cannot be the subject of a protective order. Accordingly, the MTGA properly propose to exclude from coverage of the proposed protective order records accessible through a Freedom of Information Act request or obtained through a lawful subpoena.
This Court further finds that security records, records relating to liquor control and distribution, liquor permits, leases, customer information and employment and personnel information are sufficiently sensitive and confidential to justify protection under the MTGA proposed protective order.
The Protective Order sought by the MTGA further seeks protection for video surveillance recordings. Counsel for the parties, with the concurrence of this Court, have already agreed that the surveillance video of Mr. Musser, the driver of the motor vehicle that resulted in the death of Kathleen Durante, would be subject to the provisions of any Protective Order. Transcript of Oral Argument, April 12, 2012, p. 257.
However, the Protective Order the MTGA proposed also seeks protection for: “Any and all video surveillance recorded by the Mohegan Tribal Gaming Authority of events transpiring inside the Mohegan Sun Casino, inside a parking garage located at the Mohegan Sun Casino, and on the driveways and roadways outside of the Mohegan Sun Casino and logs and summaries relating to the same ...” Draft Protective Order, p. 2. In support *397 of this broad provision, the MTGA relies on Section SO A of the Mohegan Rules of Civil Procedure which the MTGA says: “expressly prohibits the disclosure of surveillance recordings which are in the possession of the Mohegan Tribal Gaming Authority.” Reply to Plaintiffs’ Objection to Defendant Mohegan Tribal Gaming Authority’s Motion for Protective Order, p. 4.
This Court previously considered the scope of Section 30 A, which by its express terms applies to “material .. . subject to a subpoena duces tecum ” emphasis added, and posited the question of whether, in spite of its express language, Section 30 A also applies to surveillance videos sought in discovery. Giordano v. Mohegan Tribal Gaming Authority, 4 G.D.R. 10, 10 Am. Tribal Law 237 (2011). Neither party has submitted memoranda here addressing this important issue.
Nevertheless, the Court is inclined to provide the protection for surveillance videos sought by the MTGA. As the defendant correctly notes, these surveillance videos may cause an invasion of privacy to individuals captured in the videos. Given the potentially large number of surveillance videos here at issue, it would substantially delay the case if each video had to first be reviewed to determine not only any privacy ramifications, but also whether the specific video, indeed, involved confidential information.
The MTGA also sees protection for policy and procedure manuals, as well as training manuals, but fails to explain how these documents are confidential, other than stating they are “non-public”.
In Demonico v. Wal-Mart Stores, Inc., CV 980264988, 1999 WL 557978 (Conn.Super.Ct., July 23, 1999, Beach, J.) the court considered whether inter alia, a risk management resource manual, employee guide and other training materials were confidential and, thus, subject to a protective order. Id. at *2, The court denied the defendant’s request for a protective order noting that: “The Practice Book does not define ‘confidential commercial information .. .’ Following the precent of eiusdem gen-eris, I believe in this context, ‘confidential’ defines a more narrow range of material than simply that which a party wishes to keep private. It must have some of the attributes of a trade secret, and must add some objective value to the business by virtue of being secret, in order to qualify as ‘confidential.’ ” Id. at FN. 1.
Similarly, in Commissioner of Environmental Protection v. Terminix International, X03 CV 0510942, 2002 WL 172636 (Conn.Super.Ct., Jan. 3, 2002, Arigemma, J.), found inter alia, that the company’s office policies and procedures manual were not “confidential” in that they did not contain trade secrets and/or Terminix did not establish through specific factual support that these manuals were confidential. Id. at *3-4. The court further noted that the only means by which the defendant attempted to satisfy its burden of establishing that these materials were confidential were by statements to that effect in their briefs.
Accordingly, protection will not be afforded to manuals, employee guides and other training material.
The defendant shall submit to the plaintiffs and the Court a Proposed Protective Order consistent with this decision within 15 days of the date of this decision. The plaintiffs shall have 10 days to file any objection to the Proposed Protective Order.